FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 17 2023

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARMEN PARKS**                                                                                 **PLAINTIFF**

v.                        Case No. 4:23-cv-1097-JM

**AMERICAN HEART ASSOCIATION, INC.**                               **DEFENDANT**

## COMPLAINT

Comes now Plaintiff, Carmen Parks, by and through her attorneys, Bequette, Billingsley & Kees, P.A., and for her Complaint, states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen residing in Little Rock, Pulaski County, Arkansas.

2. Defendant, American Heart Association, Inc. ("AHA"), is a non-profit corporation registered to do business in the State of Arkansas. AHA's principal address is 7272 Greenville Avenue, Dallas, Texas. Defendant can be served through its registered agent, Capitol Corporate Services, Inc.

3. This action is brought pursuant to the Family Medical Leave Act and the Arkansas Civil Rights Act.

4. Plaintiff was employed by AHA as Development Director-Go Red For Woman American Heart Association.

5. This Court has jurisdiction over this matter.

### FACTS

6. Plaintiff began her employment with the AHA on May 16, 2022. She had the qualifications for her job.

This case assigned to District Judge __Moody__
and to Magistrate Judge __Moore__

7. Plaintiff was previously employed with Philander Smith College in Little Rock, Arkansas, a historically black college, as an event fundraiser and coordinator. Prior to joining AHA, Plaintiff was a seasoned fundraising professional well-connected in Central Arkansas.

8. Plaintiff has been a dedicated employee, serving without incident and with good performance at all times.

9. Plaintiff requested four weeks of leave under the Family and Medical Leave Act ("FMLA") on June 8, 2023, to care for her ill daughter. Plaintiff's request for FMLA leave was received by AHA at around 3:11 p.m. and approved that same day. That same evening, around 6 p.m., Plaintiff received a calendar invite from her AHA supervisor to discuss Plaintiff's workload while she would be on her anticipated FMLA leave. The meeting was scheduled for the following day, June 9, 2023, at 10 a.m.

10. At the meeting on June 9, 2023, was Plaintiff, her supervisor, and the AHA human resources director. Plaintiff expected to discuss the mechanics her FMLA protected leave, but instead was notified she would be terminated. Instead of allowing Plaintiff to utilize her protected leave under FMLA, as the law requires, AHA set a post-dated termination date of September 5, 2023, twelve weeks out. This post-dated termination was ostensibly to allow Plaintiff to take twelve weeks of leave as some accommodation before she was terminated.

11. Plaintiff has never received a termination letter or official notice of her termination from AHA, but she has never been allowed to return to work. Plaintiff's position was posted by AHA and she has not been invited to apply for her former position.

12. As of September 6, 2023, Plaintiff was ready and willing to return to work.

13. Plaintiff has lost pay and lost a sizable bonus expected to be paid to her based on her work before her termination.

14. At Plaintiff's discharge, she was a full-time employee and she received an annual base salary of approximately $70,000.00, along with benefits and bonus incentives.

## COUNT I—FMLA DISCRIMINATION

15. Plaintiff restates and realleges all preceding allegations as set forth herein.

16. Plaintiff incorporates by reference the foregoing, as if fully stated herein.

17. By virtue of the facts alleged herein, Defendant has retaliated and discriminated against Plaintiff in violation of FMLA.

18. Plaintiff was an employee of AHA covered by FMLA pursuant to 29 U.S.C. §2601 *et. seq.* because it is a private business that employees fifty or more employees each working day for at least twenty workweeks in a year. Plaintiff worked for AHA 1,250 hours in the twelve-month period prior to her request for FMLA leave.

19. Plaintiff was entitled to FMLA leave to care for her ill daughter. Plaintiff notified AHA of her need for leave and was granted the FMLA leave, but only on the condition that she would be terminated after the FMLA leave expired.

20. Plaintiff was terminated from AHA on September 5, 2022. Plaintiff's termination is an adverse employment action in violation of her rights under FMLA.

21. AHA engaged in prohibited conduct under FMLA by interfering with Plaintiff's leave and retaliating against Plaintiff for requesting FMLA leave.

22. AHA did not hold Plaintiff's position upon her return, but instead terminated her and posted her position.

23. AHA's actions violated 29 U.S.C. §2615(a)(2) and her right to be free from retaliation for exercising her rights under FMLA.

24. As a result, Plaintiff has lost wages and is entitled to past and future wage loss, liquidated damages, attorneys' fees and costs, and all other damages recoverable by law.

## COUNT III—ARKANSAS CIVIL RIGHTS ACT

25. Plaintiff restates and realleges all preceding allegations as set forth herein.

26. By virtue of the facts alleged herein, Plaintiff has been discriminated against on the basis of engaging in protected activity—requesting medical leave.

27. By virtue of the facts alleged herein, Plaintiff has lost wages, lost earning capacity, and endured mental, emotional, and physical suffering.

28. Plaintiff brings this litigation under Ark. Code Ann. § 16-123-101, *et seq.*, and all appropriate remedies set forth therein.

## JURY DEMAND

29. Plaintiff asks for a trial by jury on all matters triable by a jury.

WHEREFORE, Plaintiff, Carmen Parks, prays for entry of judgment against the Defendant, for all damages sustained by Plaintiff, for reinstatement and back pay, for front pay, for compensatory damages, liquidated damages, punitive damages for Plaintiff's attorney's fees and costs incurred herein, and for all other appropriate relief to which Plaintiff may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Arkansas Bar No. 2012118
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: ckees@bbpalaw.com

By:_____
       W. Cody Kees, Ark. Bar No. 2012118
       *Attorneys for Plaintiff*